## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BILL GAUDREAU,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN EXPRESS COMPANY AND<br>GC SERVICES LIMITED PARTNERSHIP,<br><br>    Defendants. | CIVIL ACTION NO.: |

### NOTICE OF REMOVAL

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS.

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant, GC Services Limited Partnership ("GC Services"), with the consent of Defendant American Express Company ("AXP"), hereby removes to this Court the above-entitled action based upon the following supporting grounds:

1.      On or about October 13, 2010, an action ("the Complaint") was commenced against the above-named defendants in the Trial Court for the Commonwealth of Massachusetts, Suffolk Superior Court, captioned *Bill Gaudreau v. American Express Company and GC Services Limited Partnership*, Civil Action No.: SUCV2010-04021-H.  A copy of the Complaint is attached as Exhibit A.

2.      On or about October 18, 2010, GC Services was served with a copy of the Complaint.  The time in which GC Services has to file a responsive pleading (November 18, 2010) has not yet expired.

3.  Removal is timely under 28 U.S.C. § 1446(b), as thirty (30) days have not elapsed since GC Services first received a copy of the Complaint.

4.  AXP is a New York Corporation with a principal place of business in New York City, NY.

5.  GC Services is a limited partnership formed under the laws of the state of Delaware with a principal place of business located at 6330 Gulfton, Houston, TX 77801.

6.  DLS Enterprises, Inc. is a Delaware Corporation with a principal place of business located at 6330 Gulfton, Houston, TX 77801. DLS Enterprises, Inc. is a general partner and the sole limited partner of GC Services. It is not a debt collector.

7.  GC Financial Corporation is a Delaware Corporation with its principal place of business at 6330 Gulfton, Houston, TX 77801. GC Financial Corporation is a general partner of GC Services. It is not a debt collector.

8.  DLS Enterprises, Inc. and GC Financial Corporation are the only general partners of GC Services.

9.  Plaintiff is a citizen of the Commonwealth of Massachusetts, residing at 351 Lafayette Street, Fairhaven, County of Bristol. Comp. ¶ 1.

10. The amount in controversy is in excess of $75,000, exclusive of interests and costs. Plaintiff has alleged he suffered "hundreds of thousands of dollars in credit costs and lost opportunities." Comp. ¶ 18.

11. Accordingly, this Court has jurisdiction over this civil action based upon diversity of citizenship, and the amount in controversy under 28 U.S.C. §§ 1332, 1441, and 1446.

12. Plaintiff's Complaint also includes claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Counts VII and VIII), along with claims for

violation of G.L. c. 93A, Intentional Infliction of Emotional Distress, Fraud, Negligence and Civil Conspiracy.

13. 15 U.S.C. § 1692 *et seq.* is a Federal statute which provides, among other things, that a consumer can file a civil action when alleged unlawful debt collection practices have been used against him by a debt collector.

14. Pursuant to 28 U.S.C. § 1331, the Court has original jurisdiction over this matter as the Plaintiff's claims under 15 U.S.C. § 1692 arise under the laws of the United States. Additionally, this Court also has supplemental jurisdiction over all other related claims pursuant to 28 U.S.C. § 1367(a). Plaintiff's state law claims do not raise novel or complex issues of State law or otherwise predominate over Plaintiff's claims under the FDCPA.

15. Removal of this action to this Court is permissible under the provisions of 28 U.S.C. § 1441 in that it is a civil action founded on a claim or right arising under the laws of the United States. Furthermore, the state causes of action are so related to the claim under 15 U.S.C. § 1692 that they form part of the same case or controversy under Article III of the United States Constitution.

16. AXP consents to removal of this action. A copy of AXP's consent to removal is attached as Exhibit B.

17. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this removal notice will be given to Plaintiff and will be filed with the Clerk of Courts for Suffolk Superior Court, following the filing of this notice.

18. In submitting this Notice of Removal, GC Services reserves all defenses, including lack of personal jurisdiction.

34065283v1 0838180 02866

WHEREFORE, Defendant, GC Services Limited Partnership, with Defendant American Express Company's consent, hereby removes this action from Suffolk Superior Court to the United States District Court For The District Of Massachusetts.

Respectfully submitted,<br>
GC SERVICES LIMITED PARTNERSHIP<br>
By Its Attorneys,<br>
<br>
_____<br>
Andrew M. Schneiderman, BBO #666252<br>
Hinshaw & Culbertson LLP<br>
One International Place, 3rd Floor<br>
Boston, MA 02110<br>
617-213-7000

Date: 11/5/10

### CERTIFICATE OF SERVICE

I, Andrew M. Schneiderman, hereby certify that on this 5 day of November 2010, I served a true and accurate copy of the foregoing document to counsel of record via facsimile and First Class mail as follows:

James R. Rosencranz
James R. Rosencranz, P.C.
175 McClellan Highway
Boston, MA 02128

John F. Farraher, Jr.
Greenberg Traurig, LLP
One International Place
Boston, MA, 02110

_____
Andrew M. Schneiderman