# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

BILL GAUDREAU,

                Plaintiff,

vs.

AMERICAN EXPRESS COMPANY AND
GC SERVICES LIMITED PARTNERSHIP,

                Defendants.

CIVIL ACTION NO.:  1:10-cv-11901-WGY

## GC SERVICES LIMITED PARTNERSHIP'S MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant, GC Services Limited Partnership ("GC Services"), moves to dismiss Counts VIII, X, XII, XIII, XIV and XV of Plaintiff's Complaint. Plaintiff has alleged that GC Services violated G.L. c. 93A, the Fair Debt Collection Practices Act ("FDCPA"), the Massachusetts Fair Debt Collection Practices Act ("MFDCPA"), and other related common law claims in its attempted collection of Plaintiff's outstanding debt with the American Express Company ("AXP").   With respect to Counts X, XIII, XIV and XV, GC Services relies upon, and incorporates herein by reference, the memorandum of law filed by AXP in support of its Motion to Dismiss. (DE #4).

Additionally, Plaintiff's claims under the FDCPA must fail as a matter of law because Plaintiff's debt was incurred solely for business purposes, and not for "personal, family or household" purposes as mandated by the express provisions of the FDCPA.   Accordingly, Plaintiff's claims fall outside the purview of the FDCPA, and must be dismissed as a matter of law.   Finally, Plaintiff's claim for intentional infliction of emotional distress must fail because

Plaintiff has neither alleged the existence of egregious conduct which would otherwise support such a claim, nor has he properly alleged that he has suffered the requisite emotional distress.

**I.**     **Statement of Facts**[1]

**II.**    **Argument**[2]

    **A.**     Plaintiff's Debt Was Incurred For Business Purposes And He Is Therefore Unable To State A Claim For Relief Under The FDCPA

The only debts afforded protection under the FDCPA are those incurred in connection with "personal, family, or household purposes." *See* 15 U.S.C. § 1692a(5).  It follows then that in order to state a claim under the FDCPA, a plaintiff must allege that the debt giving rise to the cause of action is an offer or extension of credit covered by the FDCPA. *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1168-69 (3d Cir. 1987); *Arnold v. Tuemper*, 833 F.Supp. 678, 686 (N.D. Ill. 1993).  It is the plaintiff's burden to prove that he has been the object of collection activity stemming from a consumer debt in order for the FDCPA to apply. *Garcia v. LVNV Funding, LLC*, 2009 WL 3079962, *1, *5 (W.D. Tex. Sept. 18, 2009); *Stewart v. Alonzo*, 2009 WL 174938, *1, *2 (S.D. Tex. Jan. 26, 2009).

The express allegations of Plaintiff's complaint make clear that the "debt" Plaintiff incurred was in connection with a commercial transaction and for business purposes – not for "personal, family or household" purposes as required under the FDCPA.  Specifically, Plaintiff alleges that his "debt" arose out of his business "arrangement" with a Finnish company, whereby the company wired funds into Plaintiff's AXP account on four separate occasions, and Plaintiff

---

[1] GC Services relies upon, and incorporates herein by reference, the statement of facts set forth in AXP's memorandum of law in support of its Motion to Dismiss. (DE #4).  The facts recited therein, taken from Plaintiff's Complaint, are accepted as true only for the purposes of this Motion to Dismiss.  GC Services denies it is liable for any of the claims in the Complaint, and further denies all of the material allegation set forth therein.

[2] GC Services relies upon, and incorporates herein by reference, the standard of review for claims on Motions to Dismiss set forth in AXP's memorandum of law in support of its Motion to Dismiss. (DE #4).

used the funds to purchase "goods" for the company. (Plaintiff's Compl. ¶¶ 4-6).  Plaintiff was

paid a "fee" for services rendered to the company. (Plaintiff's Compl. ¶¶ 9, 10).  Plaintiff further

alleges that he incurred a debt of $38,926 when AXP made "'Debit Adjustments'" to his

account, which "reversed" the four wire transfers used to make purchases for the company.

(Plaintiff's Compl., ¶¶ 8, 11-14).

As a threshold matter, Plaintiff has failed to allege in his Complaint that his debt was

incurred for consumer-related purposes. (Plaintiff's Compl., *generally*).  Conspicuously absent is

any reference to the fact that his debt was incurred for "personal, family or household purposes."

(*Id.*)  Such an omission is fatal to Plaintiff's ability to assert a claim under the FDCPA. *See*

*Cederstrand v. Landberg*, 933 F.Supp. 804, 806-807 (D.Minn. 1996)(dismissing plaintiff's claim

where Complaint contained no allegations that the transaction was primarily for personal, family

or household purposes); *Zimmerman*, 834 F.2d at 1168-1169 (holding that a complaint which

fails to allege an offer or extension of credit fails to state a claim under the FDCPA); *Arnold*, 833

F.Supp. at 686 (dismissing complaint for failure to show that debt was covered by the FDCPA);

*Gammon v. Belzer*, 1997 WL 189291, *1, *2 (N.D. Ill.)(dismissing claim where Complaint failed

to assert that defendant was attempting to collect a "debt" as defined by the FDCPA, or that the

debt arose from an extension of credit that was undertaken for personal, family or household

purposes).

In fact, the express allegations of Plaintiff's Complaint makes clear that just the opposite

is true, namely that his debt was incurred for commercial purposes.  Under such circumstances,

Plaintiff is not afforded protection under the FDCPA, and Count VIII of his Complaint must be

dismissed as a matter of law. *See, e.g.*, *Lyons Financial Services v. Woodlake Imaging, LLC*,

2005 WL 331695 *1, *6 (E.D. Pa. Feb. 9, 2005) (dismissing FDCPA claim where debt not

incurred for personal, family or household purposes); *Walton v. Hyatt & Rosenbaum, P.A.*, 2009 WL 3004539 *1, *3 (S.D. Ind. Sept. 18, 2009) (same); *Dean v. Gillette*, 2005 WL 957043 *1, *3 (D. Kan. Apr. 25, 2005) (same).

> B.      Plaintiff's Claim For Intentional Infliction Of Emotional Distress Must Be Dismissed As A Matter Of Law Given The Lack of Egregious Conduct on GC Services' Behalf And The Lack Of Emotional Distress Suffered by the Plaintiff

In Count XII, Plaintiff alleges that GC Services' conduct caused him to suffer unspecified "severe emotional distress." (Plaintiff's Compl. ¶ 82).  To prevail on a claim for intentional infliction of emotional distress, Plaintiff must establish that (1) GC Services intended to inflict emotional distress, or knew or should have known that its conduct would cause emotional distress; (2) GC Services' conduct was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community; (3) GC Services' actions were the cause of Plaintiff's distress; and (4) the emotional distress suffered by Plaintiff was severe and of such a nature that no reasonable person could be expected to endure it. *Agis v. Howard Johnson Co.*, 371 Mass. 140, 145 (1976).  The standard for making a claim of intentional infliction of emotional distress is very high, and one that is a question of law for the court. *McCarty v. Verizon New England, Inc.*, --- F. Supp. 2d. ---- 2010 WL 323893 *1, *4 (D. Mass. Aug. 17, 2010)

Plaintiff baldly asserts that GC Services made harassing and threatening telephone calls on multiple occasions yet fails to provide any explanation regarding the nature of the harassment or the number of phone calls that occurred. (Plaintiff's Compl., ¶¶ 17, 22, 24).  Plaintiff's failure to provide even a modest account of GC Services' allegedly harassing behavior and/or threatening conduct mandated dismissal of his claim. *See Columbus v. Biggio*, 76 F. Supp. 2d 43, 56 (1999) (dismissing claim for intentional infliction of emotional distress because allegations in

4

support of claim were too vague and conclusory to be credited).   In any event, the alleged conduct does not amount to the kind of "extreme and outrageous conduct" that is "beyond all bounds of decency, and utterly intolerable in a civilized community." *See Foley v. Polaroid Corp.*, 400 Mass. 82, 89 (1987) (outrageous conduct "cannot be predicated upon mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities, nor even is it enough that the defendant has acted with an intent that is tortious or even criminal . . . or even that his conduct has been characterized by malice, or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort").

Moreover, Plaintiff has failed to allege that he actually suffered any emotional distress. While Plaintiff alleges that GC Services' conduct caused him to lose "hundreds of thousands of dollars in credit costs and lost opportunities," (Plaintiff's Compl., ¶ 18), Plaintiff never identifies any emotional damage – much less "severe" emotional damage – that he purportedly suffered. *See Tynecki v. Tufts Univ. Sch. of Dental Med.*, 875 F. Supp. 26, 34 (D. Mass. 1994)(dismissing cause of action for intentional infliction of emotional distress where plaintiff's conclusory and "unsupported" allegations failed to "present any factual allegations of emotional distress resulting from the challenged conduct"). Accordingly, Count XII of Plaintiff's Complaint must be dismissed.

### III.   Conclusion

Based upon the foregoing, GC Services respectfully requests this Court dismiss Counts VIII, X, XII, XIII, XIV and XV of Plaintiff's Complaint, along with such other relief as it deems proper.

34065873v1  0917507  46121

Respectfully submitted,
GC SERVICES LIMITED PARTNERSHIP
By Its Attorneys,

_/s/ Andrew M. Schneiderman_
Ranen Schechner, BBO #655641
rschechner@hinshawlaw.com
Andrew M. Schneiderman, BBO #666252
aschneiderman@hinshawlaw.com
Hinshaw & Culbertson LLP
One International Place, 3rd Floor
Boston, MA 02110
Date:   November 12, 2010            617-213-7000

## CERTIFICATE OF SERVICE

I, Andrew M. Schneiderman, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

_/s/ Andrew M. Schneiderman_
Andrew M. Schneiderman

34065873v1  0917507  46121